# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| Rinat Khisyamov, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Ethan and Associates, | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiff, Rinat Khisyamov, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiff, Rinat Khisyamov (hereafter "Plaintiff"), is an adult individual residing at 193 Walnut Tree Hill Road, Sandy Hook, Connecticut 06482, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Ethan & Associates, Inc. (hereafter "Defendant"), is a Louisiana corporation with a principal place of business located at 800 N. Causeway Blvd., 3rd Floor, Mandeville, Louisiana 70448, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6). The Defendant is not licensed to collect debts in the State of Connecticut.

5. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. The Defendant was engaged to collect an alleged debt owed by Grand Forest, Inc., of which the Plaintiff is an executive. The Defendant alleged that Plaintiff personally owes on the debt, which means that the debt qualifies under 15 U.S.C. 1692(a)(5).

7. The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

8. The Defendant sent the Plaintiff two letters, one dated February 13, 2009, and the second dated March 9, 2009.

9. The February 13, 2009, letter ominously threatened "further action being taken to protect the interests of our client" and threats to damage the Plaintiff's credit.

10. The March 9, 2009, letter added additional threats, "It appears this account may not be satisfied unless litigation is initiated...Our client has asked that we advise them of additional remedies available to them on your account."

11. The Defendant's collection efforts, however, did not stop there.

12. The Defendant threatened to send a private investigator to the Plaintiff's home to inventory his belongings in order to pay the business debt.

13. The Defendant continued making threats to the Plaintiff, including threatening to send a letter to the Russian Embassy and the Department of Homeland Security and threatening to contact the Plaintiff's neighbors about the debt.

14. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The Defendant contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

17. The Defendant threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

18. The Defendant threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

19. The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

20. The Defendant failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

21. Connecticut courts have determined that debt collectors not licensed to collect debts in the state of Connecticut who do so are in violation of the Fair Debt Collection Practices Act as an unconscionable and unfair act because it deprived the consumer of the right to have collection agency's qualifications reviewed by state authorities.

22. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
### VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, *et seq.*

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendant is a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

26. The Defendant engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

27. The Plaintiff incurred ascertainable damages.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

6. Punitive damage; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 11, 2009

Respectfully submitted,

By _____

Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiffs